IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER DUMINIE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-cv-3030 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| NORTHEAST REGIONAL COMMUTER RAILROAD CORPORATION, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

For the reasons set forth below, Plaintiff's motion for reconsideration [64] is denied.

**I.     Background**

The full procedural and factual background of this case are set out in greater detail in the Court's previous orders, but the relevant portions are recounted here. See generally [43] ("*Duminie I*"); [56], *Duminie v. Northeast Illinois Regional Commuter Railroad Corporation*, 2020 WL 1288876 (N.D. Ill. Mar. 18, 2020) ("*Duminie II*"). After giving Plaintiff "one final attempt to replead her claims," [31], Plaintiff filed a Second Amended Complaint ("SAC") [32]. The SAC alleged that, *inter alia*, Plaintiff had been retaliated against because she took leave pursuant to Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. ("FMLA"), and discriminated against because she is Black in violation of Title VII of the Civil Rights Act of 1964. She claimed that, unlike white employees who took FMLA leave, she was hounded for medical documentation and doctors' notes. [43 at 3.] Plaintiff's supervisors also threatened that she would be fired if she continued to take FMLA leave. [*Id.* at 20.] The SAC was ambiguous as to what happened next, but it implied that Plaintiff was fired, and then explicitly alleged that she was demoted from "Ticket by Internet Clerk" to toilet-cleaning janitor, and replaced with a similarly situated white woman.

[*Id.* at 3, 10.] The Court granted in part and denied in part Defendant's motion to dismiss the SAC, holding that Plaintiff's FMLA and racial discrimination claims related to her demotion could proceed, but her termination claim could not, because (a) it was unclear whether Plaintiff had even been fired, and (b) Plaintiff had not alleged facts from which the Court could infer that any firing (had it occurred) was motivated by discriminatory animus. [*Id.* at 10–11.] *Duminie I* explicitly distinguished the demotion claim on the grounds that Plaintiff's replacement with a similarly situated white person strongly suggested racial animus.

The Court granted leave to amend her complaint in light of the fact that this case had been consolidated with another of Plaintiff's racial discrimination cases, the facts of which are not relevant here. Plaintiff was given leave to amend her complaint, but only to add in the new claims from the consolidated suit; Plaintiff's counsel assured the Court that previously dismissed claims would not be repleaded. [46.] Plaintiff thereafter submitted an omnibus complaint that combined the allegations from the two pending cases. [47] Importantly, the allegations regarding Plaintiff's termination and demotion were materially different from those in the SAC. *Duminie II*, 2020 WL 1288876, at *4–5. Plaintiff clarified that she had, in fact, been terminated and reinstated a week later. *Id.* at *4. But she also included a host of other allegations that muddied this timeline, most notably that after reinstatement she was given the position of "Chief Clerk" before she was demoted to janitor. *Id.*, at *5. Plaintiff also provided further explanation for her demotion, stating that it was actually due to her own unsatisfactory work (which she blames on being inadequately trained) and implying that it was also partially motivated by the FMLA-related retaliatory animus.

Defendant again moved to dismiss, arguing that the allegations and new timeline undercut any plausible inference of racial or FMLA-related animus—she was, after all, promoted to Chief Clerk and only demoted after she had performed poorly. [49.] In *Duminie II*, the Court granted in

2

part and denied in part Defendant's motion to dismiss. On the one hand, the Court allowed Plaintiff's FMLA retaliation claim related to the demotion to go forward—she had alleged several serious incidents of retaliatory animus and implied that there was an FMLA nexus to her demotion. *Duminie II*, 2020 WL 1288876, at *8. The Court, however, did not come to the same conclusion with regard to the race discrimination claim. The new timeline presented in the omnibus complaint was just too messy to make out a plausible inference of racial animus without additional supporting allegations. *Id.* at *5. The key allegations the Court had relied on in *Duminie I* (that Plaintiff had been demoted and replaced with a similarly situated white woman) were undercut by Plaintiff's admissions that she had been promoted (presumably) contemporaneously with the comparator's promotion and that she was demoted for cause. *Id.*

Plaintiff has moved the Court to reconsider its dismissal of the racial discrimination claim. [64.] Although Defendant responded [66], Plaintiff has not replied. This is surprising—and perhaps a missed opportunity—for the Court has now written two opinions collectively totaling almost forty pages, and she may have been able to bolster her case by tying up loose ends or otherwise rebutting or distinguishing Defendant's arguments and/or the Court's prior rulings.

**II.    Legal Standard**

Plaintiff does not explain the legal basis for her motion for reconsideration. In any event, because there has not yet been a final judgment in this case, Federal Rule of Civil Procedure ("Rule") 54(b) governs Plaintiff's motion for reconsideration. Under Rule 54(b), "any order or other decision [ ] that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); see also *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246,

3

251 (7th Cir. 1987), opinion amended on denial of reh'g, 835 F.2d 710 (7th Cir. 1987) (affirming district court's denial of motion to reconsider under Rule 54(b)).

Revisions under Rule 54(b) are discouraged and should be reserved for circumstances in which the initial decision was "clearly erroneous and would work a manifest injustice." See *Ghashiyah v. Frank*, 2008 WL 680203, at *3 (E.D. Wis. Mar. 10, 2008) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)) (internal quotation marks omitted). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *Id.* (citation and internal quotation marks omitted). Motions to reconsider under Rule 54(b) "are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e)." *Ghashiyah*, 2008 WL 680203, at *3. The Court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial, points to evidence in the record that clearly establishes a manifest error of law or fact, or if the Court previously misunderstood a party's arguments. *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012); *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008). Rule 59(e) "enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Miller*, 683 F.3d at 813 (citation and internal quotation marks omitted). Rule 59(e) motions are "not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *Id.* (citation and internal quotation marks omitted). A party moving for reconsideration bears a heavy burden and its motion must be supported by a showing of extraordinary circumstances. *Mahurkar v. C.R. Bard, Inc.*, 2003 WL 22844237, at *1 (N.D. Ill. Dec. 1, 2003) (citing *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996)).

**III.     Analysis**

Plaintiff does not argue that there is new evidence requiring reconsideration; rather, the Court must analyze whether the record clearly establishes a manifest error of law or fact, or if the Court previously misunderstood a party's arguments. Accordingly, the Court has reviewed Plaintiff's omnibus complaint and the full complement of briefing on the motion to dismiss. See *Bhatia v. Vaswani*, 2020 WL 3578004, at *2 (N.D. Ill. July 1, 2020).

Plaintiff's motion for reconsideration must be denied because she simply did not meet her burden in her response brief to the motion to dismiss. Defendant's motion to dismiss the omnibus complaint clearly attacked the complaint for its failure to allege racial animus or any facts supporting a plausible inference thereof. [49 at 4 ("Plaintiff does not allege any facts that make it plausible that her assignment was racially motivated.")]. Defendant, applying the legal standard and reasoning from *Duminie I*, described how the new allegations undercut both inferences that (a) Plaintiff suffered an adverse employment action to begin with, and (b) the adverse action was racially motivated. [49 at 3–4.]

Plaintiff focused on whether being demoted was an adverse employment action. [53 at 3–4.] She only cursorily discussed animus, claiming that 55 paragraphs of her complaint, taken together, painted a picture of "severe and pervasive conduct to support her claims of racial discrimination," because they portrayed an "openly racist work environment." [*Id.* at 4.] As the Court explained in *Duminie II*, however, a plaintiff must do more in response to a motion to dismiss than simply alleging that the complaint contains enough nuggets sprinkled across 8 whole pages to permit a plausible inference that she has a claim, without pointing to specific allegations or explaining how any allegation fits into the case law. *Duminie II*, 2020 WL 1288876, at *5 (citing *Lee v. Northeast Illinois Regional Commuter Railroad Corporation*, 912 F.3d 1049, 1053–54 (7th

5

Cir. 2019)). Likewise, the cited 55 paragraphs hardly speak for themselves—there is nothing in the complaint that even begins to approach "open racism" besides cursory allegations thereof. *Id.* at *6–7 (holding that the omnibus complaint lacks allegations from which racial animus or severe or pervasive harassment can be inferred). In sum, Plaintiff was on notice of the arguments that the Court found most persuasive (both from the Court's prior opinion in *Duminie I* and Defendant's motion to dismiss) and simply failed to address them in any meaningful way. Accordingly, she is not entitled to extraordinary relief and her motion for reconsideration is denied. *Miller*, 683 F.3d at 813; *Mahurkar*, 2003 WL 22844237, at *1.

The Court notes, however, that this argument is, at this juncture, academic. Plaintiff's FMLA claim, which survived the motion to dismiss, arises out of the exact same facts as the racial discrimination claim. She is therefore entitled to discovery on, for example, her supervisor's suspicion of her taking time for doctors' appointments; the decision-making leading up to her firing and reinstatement; the circumstances surrounding her promotion[1] and demotion; the belittling treatment she received following her demotion; similarly situated employees who were not subject to this treatment; and "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Plaintiff's race discrimination claim shares all of these as factual predicates, so she is already, effectively, entitled

---

[1] Plaintiff also argues that the Court improperly inferred that the position change from "Ticket by Internet Clerk" to "Chief Clerk" was a promotion. As the Court explained in *Duminie II*, however, that is the only permissible inference given the plain meaning of the word "chief." *Duminie II*, 2020 WL 1288876, at *2 n.5 (citing Black's Law Dictionary (11th ed. 2019)). There was (and still is) no indication that "chief" was Orwellian HR-doublespeak for a subordinate or temporary role, and therefore the Court did not make a manifest error in concluding that the words Plaintiff used mean what they said. Likewise, Plaintiff did not make this argument in response to Defendant's motion to dismiss the omnibus complaint, so it can hardly be said that the Court patently misunderstood this (nonexistent) argument. Finally, Plaintiff did not discuss, let alone provide any citations for her seemingly novel theory of adverse employment action.

to discovery on the race discrimination claim. Indeed, she even acknowledges that the FMLA claim is wrapped up in the racial discrimination claim in her motion for reconsideration. [64 at 5.]

If, during or after discovery, Plaintiff gathers evidence that would support a viable race discrimination claim, see, *e.g.*, *McDaniel v. Progress Rail Locomotive, Inc.*, 940 F.3d 360, 367–68 (7th Cir. 2019) (describing the framework for adjudicating summary judgment motions in discrimination cases), she may move the Court to allow her to replead this count in light of what she has learned. The Court "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether justice requires allowing amendment, the Court may consider factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *O'Brien v. Village of Lincolnshire*, 955 F.3d 616, 629 (7th Cir. 2020) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). As a matter of judicial economy, the Court only wants to revisit this issue once, especially given that Plaintiff has now had several opportunities to replead the claim at issue here and engendered this triplicative motions practice herself by attempting to replead claims that had previously been dismissed, in contravention of her representations to the Court. If Plaintiff moves the Court to amend her complaint to replead a racial discrimination claim, Plaintiff should be mindful of the extensive analysis contained in *Duminie I* and *Duminie II* concerning the relevant factors in retaliation and discrimination cases, as well as factors the Court will consider in ruling on a Rule 15 motion.

**IV.     Conclusion**

       For the reasons set forth above, Plaintiff's motion for reconsideration [64] is denied.

Dated:  August 5, 2020

                                                         Robert M. Dow, Jr.
                                                         United States District Judge